CROWELL, appellant, and THE HOSPITAL OF SAINT BARNABAS, respondent.

1. A stipulation in a deed of conveyance inter parties, that the grantee shall assume and pay a prior mortgage on the premises, is a contract with the grantor simply for his indemnity, and will not be regarded, either at law or in equity, as a contract with the mortgagee or for his benefit.

2. The right of the mortgagee to a personal decree for deficiency against a subsequent purchaser, whose deed contains such a stipulation, does not result from any fixed or vested right in the mortgagee, arising either from the acceptance of the conveyance of the mortgaged premises by the grantee, or from his obligation to pay the mortgage debt as between himself and his grantor.    It rests merely on the doctrine of courts of equity, that a creditor may have the benefit of all collateral obligations for the payment of the debt which a person standing in the situation of surety for others holds for his indemnity, and that he may proceed directly against the person ultimately liable, in order to avoid circuity of action.

Crowell *v.* Hospital of Saint Barnabas.

3. If the liability of the subsequent purchaser to his grantor to indemnify him against the mortgage debt, be extinguished as between themselves, by a re-conveyance before bill for foreclosure filed, the contract of indemnity being thereby put an end to by the act of those who were parties to it, the mortgagee will not be entitled to a decree for a deficiency against such purchaser, founded on such a stipulation in his deed.

4. C conveyed to H certain mortgaged premises, subject to the payment of the mortgage. The deed contained a stipulation that H should assume and pay the mortgage, the amount thereof having been deducted from the consideration money. H re-conveyed to C, subject to the mortgage, which he assumed to pay. On bill subsequently filed by the mortgagee for a foreclosure, *held* that by such re-conveyance, the obligation of H to C to pay the mortgage debt in exoneration of his liability therefor, was extinguished, and that the mortgagee was not entitled to a decree against H for deficiency.

On appeal from the Court of Chancery. The case is reported *ante, p.* 152.

*Mr. T. N. McCarter,* for appellant.

*Mr E. Q. Keasbey,* for respondent.

The opinion of the court was delivered by
DEPUE, J.

The bill in this case was filed by the appellant to foreclose a mortgage made by John A. Currier to William D. Voorhees and James M. Andrews, bearing date March 13th, 1872, to secure the payment of $5,000 on the 13th of March, 1874, with interest payable semi-annually. The mortgagees assigned the mortgage to the complainant on the 4th of March, 1873. On the 1st of April, 1873, Currier conveyed the mortgaged premises to "The Hospital of Saint Barnabas." In the deed of conveyance it was expressed that the premises were conveyed subject to the complainant's mortgage, which the grantees therein assumed and agreed to pay, the amount thereof having been deducted from the consideration money. On the 21st of October, 1873, the respondent re-conveyed to Currier the same premises, subject to the mortgage, which he, by the deed of re-conveyance, assumed and agreed to pay.

The re-conveyance to Currier was made before the mortgage became due, and its fairness is not called in question.

The bill to foreclose was filed against Currier and the respondent, and contained a prayer that if the proceeds of the sale of the mortgaged premises should be insufficient to pay the mortgage, Currier and the respondent might be decreed to pay to the complainant the deficiency thereof. The relief prayed for against the respondent was denied. From the denial of such relief this appeal was taken.

The ground on which the liability of the respondent for the deficiency is sought to be maintained, is stated in the bill to be that by virtue of the stipulation in the deed to the respondent, it became bound at law to Currier, and in equity to the complainant, to pay the mortgage debt.

It is not disputed that the obligation of the respondent to Currier to pay the debt in exoneration of his liability therefor, was extinguished both at law and in equity, before the bill was filed, by the re-conveyance to him. Under these circumstances, the complainant cannot hold the respondent for the mortgage debt, unless, by force of the stipulation in its deed, a contract was made with him to pay him the debt, enforceable either by action at law or by suit in equity.

The only contract of the respondent was that which arose from the acceptance of the deed from Currier.

A deed inter parties whereby an estate is conveyed, if accepted by the grantee, although signed only by the grantor, is, in law, the deed of both parties, and an action of covenant may be brought by the grantor against the grantee for a breach of the covenants in it on his part. *Finley* v. *Simpson*, 2 *Zab.* 311; *Patten* v. *Heustis*, 2 *Dutcher* 293; *Harrison* v. *Vreeland*, 9 *Vroom* 366. A prior mortgagee is a stranger to that contract and the consideration on which it was founded. He is not in privity with the grantee, either with respect to the contract or the estate granted. In some cases on simple contract, an action of *assumpsit* may be maintained on a promise made by the defendant to a third person for the benefit of the plaintiff, without any consideration moving from the plaintiff to the

defendant. *Joslin* v. *New Jersey Car Spring Co.*, 7 *Vroom* 141; *Lawrence* v. *Fox*, 20 *N. Y.* 268. But for technical reasons that need not now be stated, it is settled law that a stranger to the contract cannot sue at law upon a deed such as that now before the court, which contains no contract with him in express terms. *Mellen* v. *Whipple*, 1 *Gray* 317; *Millard* v. *Baldwin*, 3 *Gray* 484; *Inhabitants of Northampton* v. *Elwell*, 4 *Gray* 81.

In equity, a stipulation of this kind is regarded as a contract simply to indemnify the grantor against the mortgage debt. As such, it is operative between the parties to the deed, but does not make the mortgage debt a personal debt of the grantee. This is clearly shown in cases where the controversy is between the heir or devisee and the personal representatives, with respect to the payment of assumed mortgages out of the personal estate, in exoneration of the lands.

If the ancestor has purchased the estate, and thereby contracted a debt, and given a mortgage to secure it, the debt will be a personal debt, for the payment of which the personal estate will be the primary fund. But if the estate, when purchased, was already under the mortgage, and the ancestor took title subject to the mortgage, and simply covenanted with his grantor to pay the mortgage debt, this will not make the mortgage debt his personal debt, and, consequently, the land will be the primary fund, and the personal estate only the auxiliary fund for its payment. His covenant to pay is considered only as an indemnity of the vendor. It does not create a debt as between his personal representatives and the heir or devisee, or as between himself and the mortgagee. *Parsons* v. *Freeman*, *Amb.* 115; *Tweddell* v. *Tweddell*, 2 *Bro. C. C.* 101; *Woods* v. *Huntingford*, 3 *Ves.* 128, 131; *Butler* v. *Butler*, 5 *Ves.* 535; *Waring* v. *Ward*, 7 *Ves.* 337; *The Earl of Oxford* v. *Lady Rodney*, 14 *Ves.* 417, 423; *Barham* v. *Earl of Thanet*, 3 *M. & K.* 607; *Barry* v. *Harding*, 1 *Jones & La Touche* 485; *Cumberland*

v. *Codrington*, 3 *Johns. Ch.* 229 ; 1 *Sugd. on Vend.* 195, 216 ; *Coote on Mort.* 476.

The doctrine of the Court of Chancery is that, as a general rule, as to strangers to the contract, who are also strangers to the consideration, the parties may, at their pleasure, abandon it, and mutually release each other from its performance ; and upon such rescission and abandonment, the contract is completely at an end, and thereafter cannot be enforced. 2 *Spence's Eq. Jur.* 280 ; *Hill* v. *Gomme*, 1 *Beav.* 540 ; *S. C.*, 5 *Myl. & Cr.* 255.

In this state, an exception to this rule has been adopted with respect to general assignments for the benefit of creditors, which, when executed and delivered, will be established and enforced in favor of creditors, though the assignor revokes it with the assent of the assignee, before acceptance by the creditors. *Scull* v. *Reeves*, 2 *Green's Ch.* 131.

There is another class of cases in which a declaration of trust, in favor of a third person, has been held to be sufficient to give such third person, who was a stranger to the contract, a standing in court to enforce the trust; and also a third person, in whose behalf a legal, existing stipulation has been exacted from another in his favor, and for which the party exacting it has given a valuable consideration, with a view to benefiting such third person, has been decreed to be entitled to the benefit stipulated for in the contract to which he was not a party. *Cumberland* v. *Codrington*, 3 *Johns. Ch.* 261 ; *Van Dyne* v. *Vreeland*, 3 *Stockt.* 370 ; *S. C.*, 1 *Beas.* 142. But these are cases in which the trust was unrevoked, and the contract uncanceled and in force, and are rather exceptions to the rule that a court of equity will not aid a mere volunteer. The English cases are cited and commented on by Mr. Spence in 2 *Spence's Eq. Jur.* 281, and notes. This learned writer, on an examination of the English decisions, writing in 1849, says, that " the general law as to strangers in blood, strangers to the contract, is the same at this day, to this extent, at least, that the parties to the contract may, at their pleasure, abandon

the contract, and mutually release each other from its per-
formance." 2 *Spence's Eq. Jur.* 280.

The right of a mortgagee to enforce payment of the mort-
gage debt, either in whole or in part, against the grantee of
the mortgagor, does not rest upon any contract of the grantee
with him, or with the mortgagor for his benefit.

If the purchaser buys the mere equity of redemption, he
is liable to the extent of the lands purchased, and no further,
and he will be discharged on releasing the lands; and if, by
the terms of purchase, the mortgage money is, by agreement,
taken as part of the consideration money, equity raises upon
the conscience of the purchaser an obligation to indemnify
the mortgagor against the mortgage debt. *Stevenson* v. *Black,
Saxton* 338; *Hartshorne* v. *Hartshorne,* 1 *Green's Ch.* 349;
*Tichenor* v. *Dodd,* 3 *Green's Ch.* 454.

The purchaser of lands subject to mortgage, who assumes
and agrees to pay the mortgage debt, becomes, as between
himself and his vendor, the principal debtor, and the liability
of the vendor, as between the parties, is that of a surety.
*Klapworth* v. *Dressler,* 2 *Beas.* 62; *Hoy* v. *Bramhall,* 4 *C. E.
Green* 563. If the vendor pays the mortgage debt, he
may sue the vendee at law for the moneys so paid. *Bolles* v.
*Beach,* 2 *Zab.* 680.

In equity, a creditor may have the benefit of all collateral
obligations for the payment of the debt, which a person
standing in the situation of a surety for others, holds for his
indemnity. *Maure* v. *Harrison,* 1 *Eq. Cas. Abr.* 93; *Moses*
v. *Murgatroyd,* 1 *Johns. Ch.* 119; *Phillips* v. *Thompson,* 2 *Id.*
418; *Pratt* v. *Adams,* 7 *Paige* 615; *New London Bank* v.
*Lee,* 11 *Conn.* 112. It is in the application of this principle
that decrees for deficiency in foreclosure suits have been made
against subsequent purchasers, who have assumed the pay-
ment of the mortgage debt, and thereby become principal
debtors as between themselves and their grantors. *Curtis* v.
*Tyler,* 9 *Paige* 432, 436; *Halsey* v. *Reed, Id.* 446; *Blyer* v.
*Monholland,* 2 *Sandf. Ch.* 478; *Garnsey* v. *Rogers,* 47 *N. Y.*

233.    In Klapworth v. Dressler, Chancellor Green expressly grounds his decision on this principle.

But the right of the mortgagee to this remedy does not result from any fixed or vested right in him, arising either from the acceptance by the subsequent purchaser of the conveyance of the mortgaged premises, or from the obligation of the grantee to pay the mortgage debt as between himself and his grantor. Though the assumption of the mortgage debt by the subsequent purchaser is absolute and unqualified in the deed of conveyance, it will be controlled by a collateral contract made between him and his grantor, which is not embodied in the deed. Flagg v. Munger, 5 Seld. 483 : and it will not in any case be available to the mortgagee, unless the grantor was himself personally liable for the payment of the mortgage debt. King v. Whitely, 10 Paige 465 ; Trotter v. Hughes, 2 Kern. 74.

Recovery of the deficiency after sale of the mortgaged premises, against a subsequent purchaser, is adjudged in a court of equity to the mortgagee not in virtue of any original equity residing in him. He is allowed, by a mere rule of procedure, to go directly as a creditor against the person ultimately liable, in order to avoid circuity of action, and save the mortgagor, as the intermediate party, from being harassed for the payment of the debt, and then driven to seek relief over against the person who has indemnified him, and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor. In this respect the mortgagee occupies an entirely different position from that of a surety. The latter, in virtue of his position of surety, acquires in himself a legal right of subrogation to all securities for the debt which come to the possession of the creditor.

The mortgagee being the representative of and standing in the place of the mortgagor, to enforce the rights of the latter against the purchaser, and having no greater or other equity in himself, is entitled to such remedy only as the mortgagor

himself had against the purchaser when the bill is filed. In other words, being a stranger to the contract of the purchaser with the mortgagor, and to the consideration whereon it was founded, it will be competent for those who were parties to it to rescind and extinguish it at their pleasure; and after such rescission and extinguishment, the contract becomes utterly incapable of enforcement.

In all the cases which were cited by the appellants' counsel, the collateral security which the creditor sought to enforce, was an outstanding and subsisting security, and in the language of Mr. Spence, "a legal existing stipulation." In these instances, nothing more was involved than the right of the creditor to be subrogated to an existing remedy of his debtor for the same debt.

In *Garnsey* v. *Rogers*, 47 *N. Y.* 234, the grantee of a mortgagor, who had assumed and promised, in the deed of conveyance, to pay the mortgage, was held to be discharged from liability to the mortgagee by a re-conveyance to the mortgagor before suit brought. By such reconveyance, it was held that the stipulation for the payment of the mortgage was extinguished. The judge, in delivering the opinion of the court, founds his conclusions on the fact that the conveyance to the purchaser was shown by parol evidence to have been by way of a mortgage, merely. In the course of his opinion he says that "it must be considered that where such assumption is made on an absolute conveyance of land, it is unconditional and irrevocable; the grantor cannot retract his conveyance, or the grantee his promise or undertaking." This expression was a mere obiter dictum. With due respect to the learned judge, I fail to see any ground on which a distinction between an absolute deed of conveyance and a mortgage, in this respect, can be maintained. The undertaking must receive the same legal construction in both instruments, and the consideration is of the same nature. The obstacle in the way of a recovery by the mortgagee in both cases is fundamental, where the agreement is canceled and discharged by the parties to it. He has no contract with the grantee of the mortgagor. His

equity is only to stand in the place of the mortgagor, to be substituted in his place to a remedy which the mortgagor might have if he paid the mortgage debt.

There may be circumstances in the dealings of the subsequent purchaser with the mortgagee, or with the mortgaged premises, which will give to the mortgagee an independent equity to have his mortgage paid by the grantee of the mortgaged premises. But where, as in this case, no such circumstances appear, and the mortgagee stands exclusively on the promise of the grantee to the mortgagor, he is not entitled to relief if the contract has, in good faith, been released by those who were parties to it.

The decree should be affirmed, with costs.

Decree unanimously affirmed.