Complainants' bill is by the holder of a bond and mortgage, against subsequent grantees of the mortgaged premises, on the covenant in their deed whereby they assumed the payment of the mortgage debt, for the recovery of a deficiency remaining after foreclosure and sale of the mortgaged premises.
Defendants' motion is to strike out the bill on the ground that complainant failed to file with the common pleas clerk in Middlesex county (where the mortgaged premises are situate), a notice of his proposed action, as required by P.L. 1907 ch. 231
§ 1, prior to the commencement of this suit.
Assuming for the moment that defendant is correct in his contention that the statute above mentioned is applicable to *Page 266 
the present suit, nevertheless the motion must fail. The language of the statute is not that no suit shall be commenced until after such notice is filed, but that no judgment shall beentered in such suit unless the prescribed notice shall have been filed before the commencement of the suit. It is therefore not essential to the statement of complainants' cause of action that it contain an averment of the filing of such notice —ergo, the failure of the bill to contain such an averment does not render it defective. There is no ground for striking out or dismissing the bill on its face.
Defendants' objection is matter of defense, and can only be set up now by answer, see Rule 68, instead of by plea.
The case may be considered as if the objection had been set up by answer in lieu of plea, under the rule. Complainant admits the allegation of fact as to the lack of filing the notice.
But assuming the matter to be properly before the court in this way, defendants' "answer" must be found insufficient. The provisions of the statute do not apply to the instant case.
For one thing the use of the word "judgment," only, and the omission of the word "decree," in the statute indicates that its provisions were intended to apply to actions in a court of law and not to suits in equity. This is even more apparent when it is considered that the statute in question is expressly a supplement to a prior statute (P.L. 1880 p. 255), and that in that prior statute the word "decree" is used. It is obvious therefore that the legislature chose its language advisedly.
In the second place the statute, by its terms, refers only to an action on a bond. The present suit is not a suit on the bond, nor even against any party to the bond; it is a suit against a stranger to the bond on a covenant alleged to have been made by him with his grantor, which is contended to inure equitably to the benefit of complainant.
Defendant has been given leave to answer on the merits, and such answer has already been filed. *Page 267