The bill is to foreclose a $14,000 mortgage made by the defendant to one Joachimsthal and assigned by him to the complainant. The defendant counter-claims, that is, paid two mortgage debts for Joachimsthal and pleads the sum as a set-off.
Joachimsthal and the defendant agreed to exchange properties, and the agreement was consummated. The trade value *Page 304 
of Joachimsthal's unencumbered property was fixed at $20,000; that of the defendant at $30,000, subject to mortgage encumbrances of $27,000 given to secure the defendant's bond. The $17,000 difference in Joachimsthal's favor was made up in part by the $14,000 mortgage under foreclosure; the $3,000 balance was adjusted. The defendant's property consisted of two tracts, and the deed to Joachimsthal recites that they were conveyed, each subject to a first and second mortgage, precisely described. The first mortgages were foreclosed. Nothing was realized upon the second mortgages. The defendant was sued upon the bonds, and it paid the debt. These payments constitute the set-off. The defendant now claims that Joachimsthal is in conscience bound to reimburse the defendant, he having withheld the consideration price of the conveyance to him for that purpose. The defendant has a misconception of the transaction. It was not a sale of the properties; it was an exchange of the equities. The printed form of the contract is entitled "Contract of Exchange," and the agreed state of facts characterizes the deed as an exchange. The contract is "to grant and convey," not to sell. The stipulated values of the respective properties was stated in the agreement to be "for the purpose of this contract" — trading figures. Joachimsthal did not agree to pay $30,000 for the defendant's property in cash and retain $27,000 to pay off the mortgage debts. He took the defendant's property at that valuation subject to $27,000 mortgage encumbrances. In an exchange of properties subject to mortgage encumbrances no equitable duty is imposed upon the grantee to pay off the encumbrance, in indemnity of the grantor, as would be the case had there been a sale and the mortgage encumbrance treated as part of the consideration price. The principle upon which the duty rests in sales of property is settled in this state. Tichenor v. Dodd, 4 N.J. Eq. 454;Crowell v. Hospital of St. Barnabas, 27 N.J. Eq. 650; WoodburyHeights Land Co. v. Loudenslager, 60 N.J. Eq. 403. The principle is not pertinent to exchanges of real estate: The reason upon which the principle is based is absent. The set-off is not allowed and the counter-claim is dismissed. *Page 305