FRANK R. SMITH, complainant-respondent,

*v.*

COLONIAL WOODWORKING COMPANY, INCORPORATED, defendant-appellant.

[Argued February term, 1932.    Decided May 16th, 1932.]

*Messrs. Zucker & Goldberg,* for the appellant.

*Messrs. Rossbach & Crummy,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up a decree of the court of chancery declining to allow a set-off and dismissing a counter-claim in a foreclosure suit.

The defendant-appellant asserts that it was entitled to a credit on the mortgage being foreclosed. The situation is that the defendant-appellant and one Joachimsthal agreed to the transfer of certain properties; that of the Colonial company was valued at $30,000 and was subject to first and second mortgages in the total sum of $27,000; and that of Joachimsthal was valued at $20,000 and was free of mortgage encumbrance. There was, therefore, an equity of $3,000 in the Colonial property and an equity of $20,000 in the Joachimsthal property. It was agreed that the difference of $17,000 should be paid by a mortgage and cash. The mortgage of $14,000 was executed by the Colonial Woodworking Company to Joachimsthal and by him assigned to the Federal Trust Company, and by it assigned to complainant, Frank R. Smith.

The defendant asserts that there were sales of the properties in question by the parties to the agreement, and that the mortgages on the Colonial property transferred were credited in satisfaction of the purchase price, and that, therefore, by operation of law, the grantee, Joachimsthal, was obliged to protect the mortgagor-grantor even though there was no express assumption of the encumbrances, or agreement in the deed that the mortgage money is taken as part of the consideration money; and that, inasmuch as the Colonial company was obliged to pay a second mortgage created by it, after foreclosure of the first mortgage on the property conveyed by it, Joachimsthal must credit the Colonial company with such amount on the mortgage made

by the Colonial company to him for $14,000 under foreclosure herein.

There is no doubt that any defenses to the mortgage that would be good against Joachimsthal are good against his assignee.

The vice-chancellor decided that there was an exchange of properties, and that in an exchange of properties subject to mortgage encumbrances, no equitable duty is imposed upon the grantee to pay off the encumbrance in indemnity of the grantor, as would be the case had there been a sale and the mortgage encumbrances treated as part of the consideration money.

We are of the opinion that the vice-chancellor erred in holding that there was an exchange of the properties, and conclude that there were sales of the properties between the several vendors and vendees. See *Haber* v. *Goldberg, 92 N. J. Law 367*. But in the case of sales, the defendant is in no better position. The law is that in the case of a sale of property subject to encumbrances, unless there is an assumption of the mortgage, or it is covenanted that the mortgages are part of the consideration money, the grantee is not obliged to assume the payment of such mortgage. Under the law there is no assumption of a mortgage unless such language appears in the deed, or it is said therein that the mortgages are part of the consideration money. See *Hartshorne* v. *Hartshorne, 2 N. J. Eq. 349*.

In *Tichenor* v. *Dodd, 4 N. J. Eq. 454*, Chancellor Dickerson said that the purchaser of a mere equity of redemption does not assume an obligation to redeem; is liable to the value of the land only; and he may give up the land in satisfaction of the mortgage debt; but if, by the terms of sale, the mortgage money is to be taken as part of the consideration, equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor against the mortgage debt. In that case the deed contained the following clause: "The above lots are conveyed subject to the payment of a certain mortgage thereon, given by the said David H. Tichenor to Oliver S. Halstead, James Dawes and Enoch

Bolles, for five hundred and twenty-five dollars and thirty cents, which said mortgage, or the amount thereof, is computed as so much of the consideration to be paid to the said David H. Tichenor."

In *Crowell* v. *Hospital of St. Barnabas, 27 N. J. Eq. 650,* Chief-Justice Depue said that the purchaser of the equity of redemption is not liable for the mortgage debt; but may, by agreement, make himself liable, either by express assumption, or if the mortgage money is taken as part of the consideration.

*Woodbury Heights Land Co.* v. *Loudenslager, 60 N. J. Eq. 403,* is to the same effect. Mr. Justice Garrison, speaking for this court, uses this language:

"In other words, the mortgage debt may by agreement, if so stated in the deed, be charged upon the unpaid purchase money, which is a different thing from the legal assumption of the mortgage debt by the grantee." Citing *Crowell* v. *Hospital of St. Barnabas, supra.*

Further, under the bill, answer and counter-claim as framed (there being no prayer to reform the deed to express the alleged undertaking, the prayer being only to be allowed credit on the mortgage), there was no question presented except that. of whether Joachimsthal had assumed the payment of the mortgages or not, and this, as above stated, was to be determined by the deed, because the deed is presumed to express the ultimate intent of the parties. *Long* v. *Hartwell, 34 N. J. Law 116; Davis* v. *Clark, 47 N. J. Law 338.* Under the pleadings, therefore, the agreement of sale, the settlement papers and everything that preceded the making of the deed were inadmissible, for this purpose.

In *Blum* v. *Parson Manufacturing Co., 80 N. J. Law 390,* Mr. Justice Bergen, in this court, said (at *p. 397*):

"The defendant also assigns for error the exclusion of certain evidence, the first contention being that the trial court ought to have admitted in evidence the written agreement beween the parties for the exchange and sale of the respective properties. We think that this contract was properly excluded, for there is nothing in the case appearing in the

record which requires us to disregard the well established rule that the law presumes that a deed made and accepted in fulfillment of an executory contract fully expresses the final intentions of the parties as to so much of the contract as it purports to execute. *Davis* v. *Clark, 18 Vr. 338.* The contract in this case was offered 'as throwing light upon the construction of these deeds in respect to the covenants that are sued upon in this case.' There is no difficulty in construing these deeds, and the presumption is that the final determination of the parties is merged in the deeds."

Vice-Chancellor Leaming in *Brownback* v. *Spangler, 101 N. J. Eq. 388,* adopted the same view. He says:

"The evidence disclosed that in the executory agreement of sale it was provided that there should be given to defendant a deed of conveyance containing 'a general warranty and the usual full covenants for the conveying and assuring to them a fee-simple of the said premises free from all encumbrances.' This is urged as ground for relief.

"In the absence of fraud or reformation of the deed for mistake that circumstance must be deemed immaterial. The recognized rule is that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the deed, and not by the agreement. The only exceptions to this rule appear to be in cases of covenants which are collateral to the deed and also cases in which the deed would be considered only in part execution of the executory contract. In *Long* v. *Hartwell, 34 N. J. Law 116* (at *p. 122*), it is stated as follows: 'Where in a deed there is an absence of covenants against encumbrances, the vendee cannot resort to the contract. Until consummated, an executory contract is subject to modification. In all cases the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The acceptance of a deed conveying the whole premises without the covenant as to quantity, or against encumbrances, raises the presumption that the grantee agreed to take title

at his own risk as to quantity or encumbrances, or he would have rejected it. The rule to be deduced from all the authorities is, that the executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one.' To the same effect are *Davis* v. *Clark, supra; Waldell* v. *Beach, 9 N. J. Eq. 793; Blum* v. *Parson Manufacturing Co., supra; Hawthorn* v. *Odenson, 94 N. J. Eq. 588, 593, 594.*"

In some cases parol evidence of the consideration is admissible, but not to vary or enlarge the grant.

A deed is taken to be the act of both parties to it. *Crowell* v. *Hospital of St. Barnabas, supra.*

In the instant case the parties made a sale. The deed purports to convey the equity of redemption, and expressed no agreement of assumption of mortgages by the grantee, or that the mortgage money was taken as part of the consideration money. The law does not imply any of these things in the situation given. The deed is conclusive evidence of the agreement, in the absence of fraud or reformation. The counter-claim seeks no relief on either of these grounds. Hence the defendant is not entitled to relief.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CAMPBELL, LLOYD, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—TRENCHARD, CASE, JJ. 2.