The facts in the case are told in the opinion of this court (108 N.J. Eq. 303) and the court of errors and appeals (110 N.J. Eq. 418).
Now on the coming down of the remittitur the defendant petitions for a rehearing because the court of errors and appeals held we were in error in holding the contract to be one of exchange of properties instead of, as it held, an agreement of sale; and the upper court having held that the alleged equitable assumption by Joachimsthal of the mortgages was unenforceable because it finds no expression in the conveyance to him of the mortgaged premises either in *Page 314 
contractual language or in words indicating that the mortgage was part consideration, leave is asked to amend the counter-claim praying that the deed be referred to include an assumption or appropriate language binding Joachimsthal to the payment of the mortgages.
When the cause was before us we considered the factual question, whether payment of the mortgages by Joachimsthal as part consideration of the conveyance was within the contemplation of the parties or the terms or spirit of the contract and we found that there was nothing in conscience binding Joachimsthal to pay. Had we found otherwise we would have decreed against him and have fallen into error because of our then misconception of the law as we now understand it to be. Had we found against him and applied the law as laid down by the court of errors and appeals, we would have followed our established practice of staying the cause and given leave to amend. Our unfortunate characterization of the contract in our earlier opinion was to emphasize our view that the parties "swapped" properties, with something to boot by one of them, and we accordingly held that "the contract is `to grant and convey,' not to sell. The stipulated values of the respective properties was stated in the agreement to be `for the purpose of this contract' — trading figures. Joachimsthal did not agree to pay $30,000 for the defendant's property in cash and retain $27,000 to pay off the mortgage debts. He took the defendant's property at that valuation subject to $27,000 mortgage encumbrances." We would be committed to this finding if we yielded to the request to grant a rehearing on a counter-claim praying for reformation of the deed.
Further, there is nothing of proof in the moving papers that the deed does not truly state the understanding of the parties; nothing, that words of assumption of the mortgage debt as part consideration of the purchase price were omitted from the deed by mutual mistake. Mutual mistake is essential. The absence of a stipulation to that effect in the deed, lends support to our view of the bargain, and, in the absence of proof to the contrary, it is permissible to assume *Page 315 
that had the deed contained a covenant of assumption it would have met with the objection that it imposed an obligation not undertaken.
There is no newly discovered matter. The opinion of the court of errors and appeals that "under the law there is no assumption of a mortgage unless such language appears in the deed, or it is said therein that the mortgages are part of the consideration," we are bound to hold was the law at the time of the contract. That it was declared afterwards is not new matter of substance in this cause within In re O'Mara, 106 N.J. Eq. 311, for we have determined the meritorious question which underlies the present application, and as to that there is no newly discovered evidence or new matter.
We feel that justice has been done the parties and the motion for a rehearing is denied.