The complainant brings its bill against Jacob Redlinghouse, Herman C. Roemer, William G. Graef and Frances Graef, his wife, for a deficiency arising out of a foreclosure and sale of the premises mentioned in the complaint. The Graefs failing to answer, decree pro confesso was entered against them.
The facts are stipulated as follows: Redlinghouse and Roemer, March 4th, 1929, executed a bond and mortgage for $17,000 to complainant. July 17th, 1930, the defendant Redlinghouse conveyed his interest to William G. Graef and Frances Graef, his wife. The deed contained a provision whereby the Graefs assumed the payment of an equal undivided one-half of the mortgage indebtedness as part of the consideration mentioned in the deed. August 26th, 1931, complainant foreclosed the mortgage in which all of the defendants *Page 2 
herein were made parties, and decree followed for $15,852.07, plus interest and costs. At the sheriff's sale complainant purchased the property for $100, leaving a deficiency on the bond of $16,368.05, with interest.
Prior to the commencement of this cause demand for payment was made of the Graefs, Redlinghouse and Roemer.
July 11th, 1932, complainant filed notice of intention to institute suit for deficiency and filed its bill July 9th, 1932.
The defendants contend that the complainant should not prevail because it failed to comply with the statute providing for the filing of notice within the statutory period and the commencement of suit within such period, and that the notice was not filed nor suit instituted within six months of the sheriff's sale. Further, that when complainant purchased the premises for a nominal consideration it waived any right to institute suit for any deficiency.
The statutes referred to are section 48, 3 Comp. Stat. p.3421 (P.L. 1880 p. 255, as amended P.L. 1881 p. 184), which section provides:
"That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."
And section 51, 3 Comp. Stat. p. 3423 (P.L. 1907 p. 563), provides for the filing and recording of the notice by the clerk of the court.
Neither of these statutes are applicable to suits in the court of chancery for deficiency.
"This remedy of the mortgagee is not affected by the act of 1880 and 1881. The first section of the act of 1880 regulates simply the form of proceeding in foreclosure suits, and the second and third sections, as amended by the act of 1881, apply to suits at law upon bonds secured by mortgages. *Page 3 
The ancient and familiar doctrine in equity that the creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt, and the remedy in a court of equity to enforce this equitable doctrine, are not impaired by this legislation. The remedy in equity is independent of the foreclosure suit." Green v. Stone, 54 N.J. Eq. 387; Holland Reformed School Society v. DeLazier, 84 N.J. Eq. 442.
In National Bank of New Jersey v. Lefkowits, 107 N.J. Eq. 265,
in construing the statutes in question, the court said: "The provisions of the statute do not apply to the instant case. For one thing the use of the word `judgment,' only, and the omission of the word `decree,' in the statute indicates that its provisions were intended to apply to actions in a court of law and not to suits in equity."
Section 51, 3 Comp. Stat. p. 3423 (P.L. 1907 p. 563), from its very language applies to "judgments" at law only and indicates that its provisions were intended to apply to actions in a court of law and not to suits in equity.
Decree for complainant will be entered for the sum of $16,368.05, with interest from January 11th, 1932.