The complainants seek the cancellation of a mortgage held by the defendant on property, the title to which is in complainant Real Estate Finance Company. The facts have been stipulated in lieu of proofs taken in open court. The complainant Real Estate Finance Company is a New Jersey corporation and all the stock is held by the complainants Joseph H. Chamberlin and A. Bertha Chamberlin, his wife, actually *Page 57 
or for their benefit. The defendant is a corporation of New Jersey and was organized by Joseph H. Chamberlin some years ago; he was the president, principal stockholder, and the active manager of the business until December, 1931, when he suffered a nervous breakdown and was compelled to give up business; the management of the business was then taken over by the secretary and vice-president of the corporation, with Chamberlin trying to supervise the management from a distance, which resulted in many disputes between him and Reisch and Hewston, the vice-president and secretary, respectively, until it became necessary that Chamberlin either take over the actual management of the company or cease his connection with it. After much negotiations, an agreement was entered into between Joseph H. Chamberlin and A. Bertha Chamberlin, his wife, who had large stockholdings in the defendant company, and the defendant, which agreement was dated September 19th, 1933, and contemplated a separation of the interests of the Chamberlins from the defendant company, as well as Paulsboro Finance Company and Inter-State Cash Credit Corporation, two corporations in which all the stock was owned by the defendant except qualifying shares, the beneficial interest of which also belonged to the defendant. From the agreement it appears that there had been conveyed from the defendant to the Real Estate Finance Company, a corporation controlled by the Chamberlins, mortgages and real estate and other assets of the defendant at the instance of Joseph H. Chamberlin, prior to the time of the making of the agreement. In accordance with the agreement, the various releases were executed, transfer and assignment of stocks contemplated were made, the assignments of the policies of life insurance, and general releases were executed by the Chamberlins from any and all claims against the defendant, as well as Paulsboro Finance Company and Inter-State Cash Credit Corporation, and these corporations executed a general release to the Chamberlins. The complainant Real Estate Finance Company was not a party to the agreement, although the agreement provided that Joseph H. Chamberlin agreed for himself and the Real Estate *Page 58 
Finance Company to reassign certain policies of life insurance; and he also nominated that company to take title to the lot on Haddon avenue, Collingswood, New Jersey, to which corporation a deed was executed by Inter-State Cash Credit Association. There seems to have been a complete settlement under the agreement, delivery of all papers, documents and all other matters contemplated by the agreement, before the filing of the bill in this cause, except some shares of Pavonia Fire Insurance Company which were delivered afterward to Joseph H. Chamberlin. Now, after such agreement was thus apparently fully consummated, the claim of Joseph H. Chamberlin that the defendant was obligated to cancel a mortgage for $4,000 on the Haddon avenue lot is made by the bill of complaint, which claim is contested by the defendant. This lot was owned by C.P.B. Sales Company; on April 1st, 1931, this company executed a mortgage to defendant for $4,000, and also by deed dated the same day as the mortgage, conveyed this lot to Paulsboro Finance Company and it was recited in such deed that it was under and subject to such mortgage made to the defendant, Joseph H. Chamberlin, Incorporated. Afterward, by deed dated August 25th, 1932, Paulsboro Finance Company conveyed the lot to Inter-State Cash Credit Association of New Jersey, the mortgage still remaining as an encumbrance on the lot. The mortgage was assigned by the defendant to Collingswood National Bank on July 14th, 1931, and reassigned by the bank to the defendant by assignment dated April 7th, 1933, and at the time the agreement in question was entered into this mortgage was owned by Joseph H. Chamberlin, Incorporated, and Joseph H. Chamberlin had full knowledge of this fact, as well as the fact that the title to the lot was vested in Inter-State Cash Credit Association. In carrying out the agreement, the deed for this lot was made by Inter-State Cash Credit Association to Real Estate Finance Company, the nominee of Chamberlin, and dated September 28th, 1933, and recorded on October 19th, 1933, and was a special warranty deed.
Paragraph 7 of the agreement provided as follows: *Page 59 
"That Joseph H. Chamberlin, Inc., is to transfer and convey unto Joseph H. Chamberlin the lot owned by the company on Haddon Avenue, Collingswood, N.J., and executed a deed therefor * * *."
In the stipulation of facts it is set forth that these premises were to be conveyed subject to taxes and assessments which, as of September 19th, 1933, amounted to $1,648.52. The title to such lot had never been in the name of the defendant, and the mortgage of $4,000 was payable $1,000 on April 1st, 1932, and the balance within two years thereafter, and no interest had been paid by the complainant on this mortgage.
One of the questions to be determined is whether the agreement obligated the defendant to convey this lot free and clear of the mortgage encumbrances. The reference in the agreement to shares of capital stock of Pavonia Fire Insurance Company, held by the defendant at that time, was that the defendant would discharge and pay the loan for which said stock was pledged as security with the Memorial National Bank. It would seem to me, in view of the fact that Chamberlin had full knowledge of the affairs of these three corporations involved and of the manner in which the title to this lot was held, as well as the mortgage encumbrance thereon, that if it had been contemplated by the parties that the lot should be conveyed free and clear of the mortgage, the agreement would have so provided. All the parties in interest apparently proceeded upon the assumption that this mortgage was still to remain upon the lot because there were complete releases executed as provided in the agreement; the deed for this lot was accepted by the complainant Real Estate Finance Company, the nominee of Chamberlin, and placed on record without the cancellation or surrender of the mortgage held by the defendant. Under the terms of the agreement, all the papers were executed and deposited with an escrow agent, pending the final ratification of the agreement and the authorization of the execution of the various papers by the directors of the corporations involved. It seems to me that the parties, by executing and delivering the papers required, and completing all the matters required to be done under the agreement, placing such papers on record as *Page 60 
required recording, executing general releases without reservation, are now estopped from setting up a claim that other things were to be done, particularly that this mortgage, being the only matter upon which there is any dispute, should now be surrendered and canceled. The deed contains no covenant against encumbrances, and this is not an action to bring about a reformation of either the agreement or the deed executed and delivered to Real Estate Finance Company. These complainants I think must therefore base any action which they have upon the deed itself. Smith v. Colonial Woodworking Co., Inc., 110 N.J. Eq. 418.
Joseph H. Chamberlin, a short time prior to the execution of the agreement, and when he was president of the defendant company, placed his name on an assignment of this mortgage to his daughter, Sara E. Chamberlin, in an effort apparently to further dispose of the assets of this defendant, but such assignment was never delivered and the mortgage remained as one of the assets of the defendant at the time of the agreement, of all of which Chamberlin had full knowledge. Defendant never held title to this lot and the acts of the parties I think show conclusively that there was no intention that there should be a merger of the mortgage.
The deed from Inter-State Cash Credit Association to Real Estate Finance Company, one of the complainants, was signed by Joseph H. Chamberlin as president of that corporation, and he must have been fully conversant with the fact that such deed did not bind either the grantor or the defendant to convey more than that which appears in the deed. No reference whatever was made in the deed to the mortgage in question and the complainant Real Estate Finance Company has no standing to require the cancellation and surrender of the mortgage in question because it is bound by the acts of the Chamberlins, parties to the agreement.
The complainants are not entitled to the relief which they seek in this cause for the reasons which I have given; the bill will be dismissed. *Page 61