This suit is before the court for final hearing on the counter-claim of Harry and Isidore Krieger, the answer thereto joinder of issue and proofs. The facts are clear.
On January 26th, 1926, the counter-claimants executed to Fidelity Union Title and Mortgage Guaranty Company a bond for $54,000, payable in installments of $1,000 on the *Page 153 
first day of every August and February, until February 1st, 1929, and the balance that day. Payment of the bond was secured by mortgage on premises in Newark. In April, 1926, the Kriegers conveyed the land, subject to the mortgage, to Samuel Mandelowitz and Harry Cohen, and in July of the same year, Mandelowitz and Cohen conveyed to Morris Gottlieb and wife. On each sale, by agreement, the mortgage money was taken as part of the purchase price and the purchaser was credited therewith. But the Guaranty Company was entirely ignorant of these arrangements.
The Guaranty Company sold participations in the bond and mortgage evidenced by certificates in the usual form, the same form considered in Reinfeld v. Fidelity Union Trust Co.,123 N.J. Eq. 428. By agreement dated January 28th, 1929, between the Guaranty Company and Gottlieb and wife, the date for payment of the balance of the principal debt, $49,000, was extended to February 1st, 1932. At the same time the Gottliebs gave to the Guaranty Company their bond, conditioned to payment of the mortgage debt. At the time this extension agreement was executed and on the original due date of the mortgage, February 1st, 1929, the fair value of the mortgaged property was greatly in excess of the amount due on the mortgage. The two sales in 1926 were made, one for $80,000, the other for $89,000. Again, in 1932, by agreement between the Guaranty Company and the Gottliebs, the bond and mortgage were extended for another three years. Counter-claimants knew nothing of either extension, and so, of course, did not assent.
The Guaranty Company in 1936 assigned the bond and mortgage to complainant Fidelity Union Trust Company, as trustee for the participation holders. The Trust Company filed the bill in this cause to foreclose the mortgage August 25th, 1937, obtained a final decree of foreclosure for $55,841 with costs, bought in the property at the sheriff's sale for $100 and has instituted an action at law for the deficiency against the counter-claimants. Counter-claimants pray that this action, or any action, against them for the deficiency be enjoined. *Page 154 
The first point of counter-claimants is that Mandelowitz and Cohen, upon conveyance of the property to them, became obligated in equity to indemnify the Kriegers against the mortgage debt (Crowell v. Hospital of St. Barnabas, 27 N.J. Eq. 650), and that the extension of the term of the bond and mortgage without the Kriegers' knowledge and assent released them from liability on the bond. This rule does not apply, since the mortgagee had no notice or knowledge that the grantees had become the principal debtors, or otherwise equitably liable to the mortgagors.Gorenburg v. Hunt, 107 N.J. Eq. 582; Meyer v. Blacker,120 N.J. Eq. 35; Wittson v. Englewood Plumbing Supply Co., 121 N.J. Eq. 323.
Counter-claimants next say that the bond given by the Gottliebs to the Guaranty Company in 1929 established the Gottliebs as principal debtors with the Kriegers as sureties; that the Guaranty Company, of course, knew of the bond; that the mortgage was again extended in 1932 and thereby were counter-claimants released.
The relation of principal and surety must arise from some contract or dealings to which both of them are parties. The relation may also be dissolved by them, for instance, by release of the surety to the principal. Feitlinger v. Heller, 112 N.J. Eq. 209; Fisk v. Wuensch, 115 N.J. Eq. 391; Fidelity UnionTrust Co. v. Gerber Brothers Realty Co., Inc., 123 N.J. Eq. 511.
The giving of the bond by the Gottliebs to the Guaranty Company was not a transaction in which the Kriegers participated in any way. The bond was made solely for the benefit of the Guaranty Company, did not raise any equity in favor of the Kriegers, and did not, as to them, make the Gottliebs the principal debtors. Their bond constituted a collateral security for the debt and did not affect the Kriegers' liability in any way. Release of counter-claimants cannot be predicated on the Gottliebs' bond.
The last point made by counter-claimants is, I believe, well taken. Under our statute (R.S. 2:65-2) when a bond and mortgage are given for the same debt, "the mortgage shall first be foreclosed and if the security shall not yield *Page 155 
sufficient to satisfy the debt, then and only in that case, the mortgagee may proceed on the bond for the deficiency so determined. Thus it is, that by force of the statute, the mortgaged premises are primarily answerable for the debt so secured." Montclair Savings Bank v. Sylvester, 122 N.J. Eq. 518.
For many years the New York courts, starting with the theory that the land is the primary fund for payment of the debt, have held that, to the extent of the value of the land, the mortgagor who has sold the property, has an equity similar to that of a surety. Where, without his consent or knowledge, the mortgagee extends the time of payment, the mortgagor is discharged to the extent of the value of the land at the time originally fixed for payment of the mortgage. The risk of future depreciation falls upon the creditor. Murray v. Marshall, 94 N.Y. 611. This rule was noticed in Gorenburg v. Hunt, supra, and was approved inReeves v. Cordes, 108 N.J. Eq. 469, by Vice-Chancellor Lewis, who said: "The true rule is that such a mortgagor is entitled to exoneration to the extent of the value of the property at the time originally fixed for payment by the mortgage. And in those cases where it is shown that the value of the property had depreciated between that date and the time of the foreclosure, I am of the opinion that such mortgagor would be entitled to a credit for the amount of such depreciation, in addition to the price realized on foreclosure, by way of exoneration on his bond." And the rule was followed by Vice-Chancellor Davis inDelacroix v. Stanley, 113 N.J. Eq. 121.
In the instant case, the depreciation in value of the property, since the original due date of the mortgage, has exceeded the mortgage debt and so the counter-claimants have been altogether relieved of their obligation on the bond.
Complainant points out that it is trustee for the holders of participations in the bond and mortgage, who were collectively the owners thereof at the time the extensions were made. It says that they gave the Guaranty Company no authority to release the Kriegers from liability on their bond and hence that the Kriegers are still bound in favor of the *Page 156 
participation holders and their trustee, the complainant. This same contention was made and disallowed in Reinfeld v.Fidelity Union Trust Co., supra. In addition to the reasons there stated, I might say that in the instant case there is no question of imputing the agent's knowledge to the principal. The participation holders expressly, and without limitation, empowered the Guaranty Company to extend the time for payment of the debt. This authority was exercised. The participation holders are bound by all the legal results of the act of their agent within the scope of his authority, including exoneration of the mortgagors.
Let complainant be enjoined from prosecuting counter-claimants upon the mortgage bond.