Reargument of this cause being had and the court having carefully considered the matters urged and the authorities suggested in support thereof, we conclude that no proper reason for change or modification of the judgment of the court heretofore entered and reported in 125 N.J. Eq. 262, is presented. *Page 530 
It may be added that, the trust agreement remaining wholly executory, the parties settlor, being the only parties from or to whom any consideration moved, had the right at their pleasure to abandon the agreement and mutually release each other from its performance thereby putting an end to the agreement. A third party beneficiary who is a stranger to the agreement and also to the consideration is, in this situation, without standing in court to enforce any trust set up therein in his behalf.Crowell v. Hospital of St. Barnabas, 27 N.J. Eq. 650, 654.
Although there is weighty authority in support of the view that a donee beneficiary acquires an indefeasible right immediately upon the making of the contract for his benefit and that, hence, the contract may not be extinguished without his consent, this is not the view in our state. Williston on Contracts (Rev. Ed.) §396, citing Peoples Bank and Trust Co. v. Weidinger,73 N.J. Law 433.
The decree of the court of chancery will stand reversed.
For affirmance — WELLS, J. 1.
For reversal — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13. *Page 531