On April 25th, 1927, George Dash, Benjamin Hirschberg and John C. Behnke executed their bond to the Fidelity Union Title and Mortgage Guaranty Company, conditioned to pay the sum of $100,000 in installments of $1,500 semiannually, and the balance on May 1st, 1932. To secure the bond they, at the same time, executed a mortgage covering real property owned by them on Lyons avenue in the city of Newark, New Jersey. The bond and mortgage were subsequently on December 20th, 1935, assigned to complainant (Exhibit C-3).
On the day of the execution of the bond and mortgage, April 25th, 1927, the owners conveyed the mortgaged premises *Page 257 
to Prudent Investment Corporation; and, according to the recital in the deed, it assumed the payment of the mortgage (ExhibitC-4.) On October 4th, 1927, the Investment Corporation conveyed the premises to the defendants Isidore Fischer and Louis Vernick, subject to the mortgage (Exhibit C-5.)
On October 2d 1928, Fischer and Vernick sold the premises to Thomas Lubas for $151,000. The deed to him recites an express assumption of the mortgage (Exhibit C-13). On May 2d 1932, Lubas entered into a bond to the Fidelity Union Title and Mortgage Guaranty Company, conditioned to pay the amount of the mortgage debt; and simultaneously therewith an agreement was executed extending the time for the payment of that debt to May 1st, 1935 (Exhibits D-1 and D-2).
The mortgage was foreclosed in December, 1937, and Fischer and Vernick were made party defendants to that suit. There was a deficiency of $108,248.96, for which the complainant here seeks a decree.
The defendant Prudent Investment Corporation failed to file an answer and a decree pro confesso was entered against it.
Fischer and Vernick contend that the conveyance of the premises to them by the Prudent Investment Corporation was on the basis of an exchange of property they owned in Belleville, New Jersey, which they, at the same time, conveyed to the Investment Corporation; and that they did not assume the payment of the Prudent Investment Corporation mortgage which then encumbered the property. They say that the extension agreement executed by Lubas with the Fidelity Union Title and Mortgage Guaranty Company on May 2d 1932, was without their knowledge and consent, in consequence of which they were released from any obligation on the Prudent Investment Corporation bond.
As part of the consideration for the conveyance from Fischer and Vernick to Lubas, Lubas gave them a mortgage for $25,000 which was second and subject to the Fidelity Union Title and Mortgage Guaranty Company mortgage. Vernick said that at the time of the transfer of the title to Lubas, October 2d 1928, the Title Company was notified *Page 258 
over the telephone to change the name of the owner in the insurance policy.
There is no evidence to show that the Title Company had knowledge of the conveyance to Lubas, nor of the recital in the deed of his assumption of the mortgage debt. Lubas, the assuming grantee, made payments on account of the mortgage debt. He appointed agents to collect the rents from the property and the proceeds thereof were applied to the payment of the interest on the mortgage.
The property was sold to the Prudent Investment Corporation in 1927 for $200,000; and in 1928 to Lubas for $151,000. The rental income from the property at the time last mentioned was between $19,000 and $20,000 annually. On May 1st, 1932, the due date of the mortgage, the property was valued by one real estate expert at $145,000, and by another at $132,374.
The complainant argues that the transfer of the premises from the Prudent Investment Corporation to Fischer and Vernick was a sale and not an exchange as contended by Fischer and Vernick. In its support it directs attention to Vernick's own testimony wherein he said that he, and his co-owner, Fischer, gave $10,000 in cash, and the Belleville realty, to "pay" for the Lyons avenue property, the latter being the mortgaged premises. When the titles to the last mentioned properties were being passed each property was given a valuation by the owners; cash and mortgages were delivered by Fischer and Vernick, and credits were apportioned between the respective parties to the transaction. The deeds of the parties make no mention of any rights of re-entry. In view of these facts the principle enunciated inHaber v. Goldberg, 92 N.J. Law 367, applies. In that case, the Court of Errors and Appeals, among other things, said:
"* * * Because part of the consideration of a sale of land is the conveyance to the grantor of certain other land, the transaction does not thereby become one of exchange of estates at common law. The fact that part of the consideration, or all of it, is land, does not in and of itself amount to a technical exchange. That occurs only, as we have seen by the authorities above quoted, when the exchange is of equal *Page 259 
interests (not of value, but estates), and when the conveyance, whether by a single deed or by deeds exchanged between the parties — if that be allowable, and doubtless it is, although only one deed is required — and the conveyance, or conveyances, provide for re-entry upon ouster or eviction."
Smith v. Colonial Woodworking Co., Inc., 110 N.J. Eq. 418;160 Atl. Rep. 351.
Crediting the amount of the mortgage against the purchase price, as was done in the Prudent Investment Corporation-Fischer-Vernick transaction, carries with it an assumption of the mortgage by the grantees. The following cases are authority for that determination: Crowell v. Hospital ofSaint Barnabas, 27 N.J. Eq. 650; Dieckman v. Walser, 114 N.J. Eq. 382; 168 Atl. Rep. 582; Meyer v. Blacker, 120 N.J. Eq. 35;184 Atl. Rep. 191; Meyers v. Siracusa, 125 N.J. Eq. 183;4 Atl. Rep. 2d 519; Tomlinson v. Warner Bros. Theatres, Inc.,126 N.J. Eq. 485; 9 Atl. Rep. 2d 774.
Even though there be no express assertion of assumption of mortgage, the courts of this state in a long line of decisions, hold that there may be an implied assumption in circumstances such as are present in the instant case. Crowell v. Hospitalof Saint Barnabas, supra; Reinfeld v. Fidelity Union Trust Co.,123 N.J. Eq. 428; 198 Atl. Rep. 220; Meyers v. Siracusa, supra;Meyer v. Supinski, 125 N.J. Eq. 584; 7 Atl. Rep. 2d 277.
Fischer and Vernick claim a right to be discharged of liability because of want of their assent to the extension agreement given Lubas by the Fidelity Union Title and Mortgage Guaranty Company. To acquire that right, the law imposes upon former grantees seeking it, the burden of proving that the mortgagee, at the time of the execution of the extension, had notice or knowledge of the assumption of the mortgage by such former grantee. Fischer and Vernick failed to sustain that burden. There is no evidence that the mortgagee knew of the terms of the sale to Fischer and Vernick. Gorenberg v. Hunt, 107 N.J. Eq. 582;153 Atl. Rep. 587; DeLotto v. Zipper, 116 N.J. Eq. 344; 173 Atl. Rep. 588;Meyer v. Blacker, supra; Wittson v. Englewood *Page 260 Plumbing Supply Co., 121 N.J. Eq. 323; 189 Atl. Rep. 920. The evidence does not show that the Title Company had notice or knowledge of the assumption of the mortgage by Lubas. The only suggestion of evidence approaching that fact is that supplied by Vernick who said that at the time of the conveyance to Lubas, the grantors, or someone for them, by telephone, notified the Title Company to change the insurance policy to the name of the new owner. (Transcript, pages 57, 58.) That communication did not convey notice, knowledge, or information of the assumption of the mortgage. It does not entitle the prior owners to be discharged from liability. Meyer v. Blacker, supra. Fischer and Vernick were further obliged to prove that the mortgagee had knowledge that they, too, were liable for the mortgage debt at the time of the extension. This being on the theory that the assumption by Lubas would not make him liable, unless Fischer and Vernick had assumed payment of the debt. Usbe Building and Loan Association
v. Ocean Pier Realty Corp., 112 N.J. Eq. 580; 165 Atl. Rep. 580;Meyer v. Supinski, supra. I can find nowhere in the evidence any notice to the mortgagee that Lubas assumed the debt; nor can I find in the record any evidence that the mortgagee knew the terms of the sale to Fischer and Vernick, or that it had knowledge that they had assumed payment of the debt. It may be here observed that when Lubas executed the extension bond in 1932, that act in itself did not constitute him a principal and the Prudent Investment Corporation a surety; the Prudent Investment Corporation was not a party to that transaction.Fidelity Union Trust Co. v. Gottlieb, 125 N.J. Eq. 152;4 Atl. Rep. 2d 498; Schumann v. Fidelity Union Trust Co.,126 N.J. Eq. 349; 8 Atl. Rep. 2d 852; affirmed, 127 N.J. Eq. 249; 12 Atl. Rep. 2d 724. Since the Prudent Investment Corporation did not become a surety upon the execution of the extension bond, the execution of that instrument did not operate to discharge it, the Prudent Investment Corporation, from its liability for the mortgage debt. Fidelity Union Trust Co. v.Gottlieb, supra; Schumann v. Fidelity Union Trust Co., supra.
There being no change in the Prudent Investment Corporation's liability for *Page 261 
the mortgage debt, it follows that Fischer and Vernick were not released from their obligation of their assumption of the debt.
The record is bare of any evidence indicating that the Prudent Investment Corporation did or did not have notice of, or assented to, the extension of the mortgage. And it has not been established that the mortgagee had notice or knowledge of any suretyship relation of the defendants Fischer and Vernick at the time of the extension. That circumstance in itself is sufficient to bar them from a discharge of liability.
The defendants Fischer and Vernick also contend that they are entitled to exoneration by reason of depreciation in the value of the realty. That relief is available only to those who are liable on the original bond, and they, Fischer and Vernick, were not such parties. Schumann v. Fidelity Union Trust Co., supra;Fidelity Union Trust Co. v. Gottlieb, supra; Black DiamondBuilding and Loan Association of Newark v. Redlinghouse,113 N.J. Eq. 1; 165 Atl. Rep. 630; National Bank of New Jersey v.Lefkowits, 107 N.J. Eq. 265; 152 Atl. Rep. 328; Teitz v.Meano, 107 N.J. Eq. 210; 151 Atl. Rep. 729; Green v. Stone,54 N.J. Eq. 387; 34 Atl. Rep. 1099.
While the mortgage matured in the year 1932, and the foreclosure proceedings were instituted in 1937, the evidence does not indicate that there was any depreciation in the property value between the dates. As above shown, the mortgaged premises were sold in 1928 for $151,000; and, in 1932, they were valued at between $132,000 and $145,000. There is no evidence of valuations subsequent to 1932. Reeves v. Cordes, 108 N.J. Eq. 469;155 Atl. Rep. 547, in part contains the following expression:
"But complainant's amended bill cannot be sustained under or upon even the principles last above referred to. It is devoid of even a single allegation that the properties, or either of them, depreciated in value between the original due dates of the mortgages and the time of the commencement of the foreclosure proceedings. In such a situation this court will not assume that the property had depreciated in value after *Page 262 
the original due date of the mortgage, the legal presumption being to the contrary."
I am not in accord with the defendants' views that the complainant's rights are barred by the statute of limitations. The defendants' obligations arise from an instrument under seal, which calls for the application of the provisions of the "sixteen," and not the "six" year provision of the statute of limitations. N.J.S.A. 2:24-1, 2:24-5. Green v. Stone, supra.
Again, the facts in this case show that the grantee Lubas made several payments of interest during the intervening periods; that act in itself postponed the running of the statute. Biddle v.Pugh, 59 N.J. Eq. 480; 45 Atl. Rep. 626; Ramsey v. Hutchinson,117 N.J. Law 222; 187 Atl. Rep. 650.
The defendants have referred to the provisions of R.S. 2:65-2et seq. as applying to this suit, and contend (1) that under it, the complainant should be barred from relief because suit was not instituted within three months of the order confirming the foreclosure sale; and (2) that there should be a dismissal because no notice of intention to begin this suit was filed; and (3) that the ticket served upon them in the foreclosure action did not advise them of any intent to sue them for a deficiency. (1) The defendants' claim to relief under R.S. 2:65-2 et seq.
finds an answer in Green v. Stone, supra, which is authority for the proposition that such defenses are not sustained in suits, as here, based on an assumption of a mortgage debt. (2 and 3) Our courts hold that neither a notice of intention need be filed, nor suit instituted within the statutory period. NationalBank of New Jersey v. Lefkowits, supra; Black Diamond Buildingand Loan Association of Newark v. Redlinghouse, supra; Chodosh
v. Schlesinger, 119 N.J. Law 405; 196 Atl. Rep. 731.
The defendants are not entitled to reformation of their agreement with the Prudent Investment Corporation. No evidence was presented by the defendants which would entitle them to such relief. Fischer and Vernick in their claim for reformation of the agreement with the Prudent Investment Corporation, failed to show mutual mistake, and that the terms under which they acted were different from what *Page 263 
they had decided upon. I can find no evidence of mistake in that transaction. Green v. Stone, supra; Howell v. Baker,106 N.J. Eq. 434; 151 Atl. Rep. 117.
Immediately prior to the hearing the defendants moved to strike the reply to the defense to set up the statute of limitations on the ground that it was evasive and did not meet the issue. The defendant Vernick in his affidavit did not deny the facts of the reply which was supported by complainant's affidavit.
The motion so far as it applies to the answers to the defendants' causes of action in their counter-claim, raised disputed questions of fact which could not be decided solely on the affidavits. The complainant's affidavit raised points sufficient to warrant a full hearing. Developments at the hearing vindicated the court's attitude in not granting the defendant's motion to strike. The motion stands denied.
The complainant is entitled to a decree as prayed for against the defendants. *Page 264