Field v. Thistle.

JOSIE DOWNING FIELD

v.

HUGH B. THISTLE et al.

[Filed July 24th, 1899.]

1. Where a testator held land subject to a mortgage, and the mortgage is not foreclosed until after the time for presenting claims to the executors has expired and a decree barring creditors has been taken, the claim may still be maintained, as before foreclosure it is contingent and not presentable to the executors.

2. An assumption clause in a deed read: "This conveyance is made expressly subject to a mortgage encumbrance, * * * together with interest and taxes, * * * all of which are assumed by the party of the second part."—*Held*, the payment of the principal of the mortgage, as well as the interest and taxes, was assumed.

3. A mortgagor conveyed the mortgaged property by a deed containing an assumption clause. This grantee conveyed it to another and the third to a fourth, each of the deeds containing similar assumption clauses. The mortgagor became hopelessly insolvent, and, after notice of foreclosure suit having been begun, executed a release of the assumption clause to his grantee, who in turn executed a release to his grantee. These releases were executed in pursuance of an understanding that all the assumption clauses should be released successively.—*Held*, sufficient to establish fraud in the releases.

4. When mortgaged property has been sold several times, each grantee assuming the mortgage, the successive grantors are all proper parties to the foreclosure suit.

5. After notice of an action brought to foreclose a mortgage, all releases of the mortgage by the grantors to persons who have assumed it upon purchasing are void, even though the practice does not permit a judgment for deficiency in the foreclosure suit.

6. Unpaid taxes on mortgaged property at time of sale under foreclosure suit cannot be added to the deficiency, as the purchaser bought subject thereto.

On bill, &c. Heard on bill, answers, replication and oral proofs.

Mr. *Louis A. Ziegler*, for the complainant.

Mr. *W. Bradford Smith*, for the defendants Bray and Thistle.

Field *v.* Thistle.

*Mr. Alfred F. Stevens,* for the defendant Royle.

*Mr. Charles F. Lighthipe,* for the defendant McChesney.

EMERY, V. C.

This is a bill for deficiency filed by the mortgagee against Thistle, the obligor and mortgagor, and against the successive grantees of the mortgaged premises, being Royle, Bray and McChesney, in the order named, who have, it is claimed, assumed the payment of the mortgage in their respective deeds. The mortgaged property was sold under foreclosure proceedings, to which the mortgagor and the grantees were parties defendant, and a deficiency of over $900 exists. On the day before the sale Thistle, the mortgagor, released his grantee, Mrs. Royle, from her covenant of assumption, and she also released her grantee, Bray, from his covenant to assume made in her deed to him. The covenant of McChesney, the last grantee, with Bray has not been released, but McChesney has died since the conveyance, and his executors, who are parties as his devisees, claim that the right to recover against them is barred by reason of the failure of complainant to exhibit his claim under oath within the time limited by the order to bar creditors, upon which a decree barring creditors has been duly made. The sale under foreclosure was not made, however, until after the expiration of the time limited 'by the order for presenting claims, and this defence of failure to present the claim must therefore be overruled on the authority of *Terhune* v. *White, 7 Stew. Eq. 98* (*Chancellor Runyon, 1881*), which holds that before foreclosure the claim is contingent and cannot be proved against the estate. The first question in the case is the construction of the clause of assumption in the deed from Thistle to the defendant Mrs. Royle, then Mrs. Cross. The covenant is as follows (*punctuatim et literatim*) :

"This conveyance is made expressly subject to a mortgage encumbrance of three thousand dollars, given by the said Hugh B. Thistle to the said Josie Downing Smith, dated October (1st., 1886) first, eighteen hundred and eighty six. Together with interest and taxes from October first eighteen hundred and eighty six. All of which are assumed by the party of the second part."

Field *v.* Thistle.

Mrs. Royle claims that by the true construction of this covenant the clause of assumption reaches only the interest and taxes from October 1st, 1886, and not the principal of the mortgage. I think, however, that "all of which" means "every one of which," and must include every one of the encumbrances previously set out, being the mortgage of $3,000, interest and taxes, and cannot be restricted to the last two encumbrances. In *Wise* v. *Fuller, 2 Stew. Eq. 257 (1878)*, Vice-Chancellor Van Fleet (at *p. 266*) construes a somewhat similar contract in reference to a like objection.

The assumption of Mrs. Royle extends, therefore, to the payment of the mortgage, and as to form there is no question in reference to the subsequent assumptions by the other grantees. The question on these relates to the effect of the releases, which were made before the beginning of this suit, but after decree of foreclosure in a suit to which all parties to the foreclosure were parties, and in which suit they were made parties, as ultimately responsible for any deficiency resulting in the sale.

Complainant (by her amended bill) alleges that at the time of making the releases, Thistle, the mortgagor, was insolvent, and that the releases were made in fraud of her rights as a creditor, after notice of her claim. The defendants Thistle, Royle and Bray, answering separately, deny the fraud charged. Mrs. Royle and Bray deny the assumption of the mortgage by Mrs. Royle, and Bray alleges, in addition, that the clause of assumption in the deed from Mrs. (Cross) Royle to him was inserted by mistake. McChesney's executors also set up the insertion by mistake in the deed from Cross to Bray, and also that the same clause was inserted by mistake in the deed from Bray to McChesney. If the releases had not been given, the defences of alleged mistake set up in these answers could perhaps be considered only on cross-bill. *Green* v. *Stone, 9 Dick. Ch. Rep. 387 (Errors and Appeals, 1896)*, and cases cited *p. 400*. But it is claimed that the parties have the right by their releases to reinstate or restore voluntarily the equities which could otherwise have been enforced by suit, and that the question of fact is whether the consideration of the releases was the *bona fide* restora-

tion of these equities, or whether the releases were tainted with
fraud on a creditor. This claim proceeds of course upon the
theory that the releases could be made by the act of the parties
after filing of the bill to foreclosure, in which the releasors were
made parties, as ultimately liable for the deficiency. On this
assumption and considering the evidence, I conclude that the
clause of assumption was not inserted by mistake in the deed
from Mrs. Cross to Bray, but that it was specially inserted in
her deed to Bray with the special object on her part of protect-
ing herself in case she was liable for the mortgage on her own
covenant. This appears by her own evidence, and there being
no mutual mistake there could have been no reformation of the
deed based on this ground. *Green* v. *Stone, 9 Dick. Ch. Rep.
387, 396.* Bray's defence of mistake therefore fails, whether
considered as a substantial equitable defence to an existing cove-
nant of assumption, or as the consideration of a release of such
covenant. No other consideration for the release to Bray than
this alleged mistake was either set up in the pleadings or urged
at the hearing. No evidence of mutual mistake in the deed
from Bray to McChesney was given. I conclude also upon the
evidence that the releases, whatever their consideration as between
the parties, were actually intended to defraud complainant as a
creditor of Thistle. Thistle was hopelessly insolvent, judgments
of about $40,000 appearing to have been outstanding for several
years, and the releases were all made as part of one transaction
by which upon Thistle's releasing Mrs. Cross, she in turn was
to release Bray, and this was the plan actually carried out.
These releases were made after the foreclosure suit had com-
menced and notice received that complainant relied on their lia-
bility, and the circumstances of Thistle's release were such as to
charge Mrs. Royle and Bray with the duty of inquiring into his
financial condition and with knowledge of his insolvency. As
guarantors they were proper parties in the foreclosure suit, for
the purpose of attending the account and protecting themselves
at the sale. *Jarman* v. *Wiswall, 9 C. E. Gr. 267, 270 (Chancel-
lor Runyon, 1873)*; *Dorsheimer* v. *Rorback, 8 C. E. Gr. 46, 48;
S. C. on appeal, 10 C. E. Gr. 516, 519; United Security, &c.,*

Field *v.* Thistle.

*Co.* v. *Vandegrift, 6 Dick. Ch. Rep. 400* (*Vice-Chancellor Van Fleet, 1893*).

Under the former practice of obtaining a decree for deficiency in the foreclosure suit, no release after suit brought to collect the deficiency in the foreclosure suit would have been effective. *Green* v. *Stone, 9 Dick. Ch. Rep. 387, 396, 399*. And although the decree for deficiency cannot now be obtained in the foreclosure suit, yet the commencement of a suit for foreclosure, to which the defendants assuming the mortgages are properly made parties, as ultimately liable for deficiency, is, in my judgment, such an acceptance of their obligation and action thereon as the mortgagee is entitled to rely on as fixing his rights to enforce the covenant, and terminates the right to release by the voluntary act of the parties. After the filing of such a bill against the grantees, as having assumed the mortgage, and for the purpose of commencing the enforcement of their ultimate liability by settling finally for that purpose the amount of the debt and of the deficiency, the mortgagee is entitled to have the equities, which are relied on as a basis for discharging the release, made an issue on the record and decided by the court after hearing the parties interested, and cannot be deprived of this right by the voluntary release between the parties subsequently made. Bring an action to foreclose and claim therein for deficiency is such an adoption of the covenant by the mortgagee as terminates the right to release. *1 Jones Mort. (2d ed.)* ¶ *764,* and cases cited.

In my judgment the action to foreclose, which under our present practice must precede the bill for deficiency, has the same effect if the grantees liable for deficiency are made parties to the bill for the purpose of settling the amount of their liability.

I find, therefore, that as against the complainant the releases are void and the parties are all liable, but in an order which has been affected by the releases. These, although void against complainant, are valid between the parties. *Youngs* v. *Trustees, &c., 4 Stew. Eq. 290, 303* (*Errors and Appeals, 1879*). The order of liability will be, first, McChesney's executors; second, Thistle; third, Mrs. Royle, and fourth, Bray.

The unpaid taxes upon the property at the time of the sale cannot be added to the amount of the deficiency. The land was purchased subject to these taxes which were prior liens, and it must be assumed that the bid at the sale was made for the property subject to these taxes to be paid by the purchaser.