WILLIAM A. SHAWELL

*v.*

GRACE V. SHAWELL et al.

[Submitted June 30th, 1919. Decided July 23d, 1919.]

Where a life tenant of real estate, which was encumbered by a mortgage to a building and loan association, which also held shares of its own stock, the property of the life tenant's deceased wife, as additional security for the mortgaged loan, paid dues to the building and loan association on such stock which dues will ultimately be applied to extinguish the mortgage indebtedness, he is entitled to be subrogated as to the shares of stock to the extent that he has made or will make payments thereon, and also when the association applies the dues paid on the stock in satisfaction of the mortgage, his right to subrogation as to the mortgage will then be complete, and the mortgage must then be transferred to him to be realized out of the mortgaged premises.

On bill, &c.

*Mr. Clarence D. Meyer,* for the complainant.

*Mr. Samuel Koestler,* for the defendants.

BACKES, V. C.

The complainant and his wife, by their combined efforts, accumulated a little, which found expression in two dwelling-houses, one on Grier avenue and the other on South Broad street, in the city of Elizabeth, the titles to which were in the wife at the time of her death. She left a will by which she devised to her husband the rents, issues and profits of her real estate upon "condition that he pay all the taxes, assessments and charges accruing against the same, and make all the repairs necessary to said properties," and after a general and special bequest she gave the remainder of her estate to her executors in trust, to be divided among seven of her eight children and an

infant grandchild, all of whom, together with the executors, are parties defendant. The executors were given power of sale, and under this power, consented to by the husband as required by the will, have sold the Grier avenue house, the net proceeds of which—$4,000—they have at interest which they pay to the complainant. The Broad street property is encumbered by a $3,000 building and loan mortgage given by the husband and wife. The wife held fifteen shares in the loan, which, with the mortgage, was pledged to the association to secure the debt, and upon which she had, up to the time of her death, paid the monthly installments of $30—$15 for dues and $15 for interest —a total for dues of $1,200. Since then the complainant has paid the installments, which for dues, amount to $600, and he is continuing to pay them.

The bill is filed to subrogate the complainant to the rights of the building and loan association in the mortgage security *pro tanto* the amount he has paid for dues, and such dues as he will be called upon to pay from time to time hereafter until the shares mature; for an accounting of income on the $4,000 fund, the proceeds of the Grier avenue property; and for the recovery of $1,500, the amount of a check the complainant turned over to his wife in trust, as it is alleged. The right to an accounting was withdrawn because the income had been paid in full; and at the conclusion of the hearing I decided that the $1,500 check was a gift by the complainant to his wife; so that the only question remaining for decision, upon which counsel asked leave to submit briefs, is whether the complainant is entitled to be subrogated. The first thing that I encounter is that the building and loan association is not a party to the suit. A favorable decision cannot bring effective relief unless the society is joined and becomes bound by the decree. On the assumption that it will be brought in, I will proceed to decide the point. The complainant's status is that of a tenant by the curtesy—a life tenant. He took nothing by the will of his wife. What she professed to give he already had by operation of law, and the charges she imposed were only those that the law imposes, and so it seems that the will may be laid aside. In the consent given by the complainant to the sale of the Grier avenue

house, he stipulated that he would "take care of the encumbrances, assessments and charges against property No. 409 South Broad street, Elizabeth, New Jersey, in the same manner and to the same extent as if property No. 510 Grier avenue, Elizabeth, New Jersey, had not been sold, and he was receiving the rents, issues and profits thereof," and, as this added nothing to his legal burthens, that, too, may be laid aside as unimportant. Defendants' counsel concedes the applicability of the principle of law that a life tenant is not obliged to pay the principal of mortgage indebtedness, and that if he is compelled to do so to protect his estate, he is entitled to be reimbursed through subrogation, but he contends that the payments made by the complainant were on the shares of the building and loan association, now the property of the estate, and not on account of the mortgage debt, and, as a corollary, that the payments were voluntary, and, on familiar principles, not recoverable. Now, taking the law to be as declared by Vice-Chancellor Reed in *Sudbury* v. *Merchantville Building and Loan Association, 57 N. J. Eq. 342,* that "it is entirely settled that payment of dues upon the stock is not a payment upon the mortgage debt, and does not, *ipso facto,* work an extinguishment *pro tanto* of the mortgage," and that the installment payments on the shares were not *pari passu* in reduction of the mortgage debt, and that the mortgage remains unimpaired until the shares mature, it by no means follows that the payments were voluntary, and that the complainant is not entitled to stand in the shoes of the loan association. The fact that the complainant in order to protect his life estate in the mortgaged premises from foreclosure has been and will be compelled to pay the full amount of the monthly installments, in default of the remaindermen contributing their half towards the principal, proves conclusively that he was not a volunteer. And as to the relief: While it is true that as between the shareholder and the association the payment of dues is to be treated as in discharge of the shareholder's liability on his subscription to the stock, the compulsory payment by the complainant nevertheless entitles him to an equity in the shares; and as the shares and the mortgage together constitute the security for the debt, and as the payment

in full of the shares will automatically discharge the mortgage, so far, at least, as the association is concerned, his right to subrogation will at that time reach out to the mortgage. In other words, the complainant's right of subrogation presently extends only to the shares, but when the association applies the dues he will have paid on the shares, in satisfaction of the mortgage, his right to subrogation to that security will then be complete. A decree may be entered upon the association being brought in, with proper words to charge the shares and the mortgage, that the complainant has an equitable lien upon the shares, and is entitled to subrogation to the amount he has paid for dues, and for such amount as he shall hereafter be compelled to pay; and upon the maturing of the shares, and the liquidation thereby of the mortgage debt, that the mortgage be transferred to the complainant to be realized upon out of the mortgaged premises.

The complainant is entitled to costs against the defendants other than the executors, the guardian for the infant defendant, the infant and the loan association.