This matter was submitted upon an agreed state of facts, the pertinent portions of which are as follows:
On January 5th, 1926, Frank Elbert being indebted to Charlotte E.J. Fisk in the sum of $27,000, executed a bond and mortgage of that date to secure the same. On January 5th, 1926, Elbert and his wife conveyed the premises covered by said mortgage to Charles Wuensch and E. Josephine Wuensch, his wife, subject to said mortgage, and said deed contained a provision whereby the grantees assumed and agreed to pay the same. Elbert died on June 26th, 1930, leaving a last will and testament in which he named his wife, Yetta Elbert, as executrix. The will was duly probated February 1st, 1933. On August 4th, 1932, complainant filed bill to foreclose the aforesaid mortgage, naming as defendants in the prayer of said bill Frank Elbert and Yetta Elbert, his wife, and the defendants Charles Wuensch and E. Josephone Wuensch, his wife. Elbert and his wife were not served with process in said foreclosure proceedings, nor was Yetta Elbert, the executrix of the estate of Frank Elbert, either named a party or served with process. Final decree in the foreclosure proceedings was entered on October 19th, 1932, for $25,000 principal, and $1,125 interest, together with costs taxed at $428.64. Execution issued and the premises were sold in said foreclosure proceedings for the sum of $100 to the complainant. *Page 393 
The instant suit is for the deficiency arising on said foreclosure, amounting to $28,233.23, and is brought directly by Charlotte E.J. Fisk against the assuming grantees, Charles Wuensch and E. Josephine Wuensch. Notice of intention to institute the suit was filed in the register's office of Essex county on January 6th, 1933.
On February 2d 1933, and after the institution of the present suit for deficiency, Yetta Elbert, individually and as executrix of the last will and testament of Frank Elbert, deceased, by instrument in writing, released the defendants Charles Wuensch and E. Josephine Wuensch, of and from all liability by virtue of their assumption of the bond and mortgage.
It was further stipulated that the premises covered by the mortgage "are improved with a dwelling, and at the present depressed valuation, are worth a large sum in excess of the sum of $100 for which complainant purchased same at the sheriff's sale aforementioned; the defendants averring that same are valued in excess of any alleged deficiency and the complainant claiming that said property was then worth $22,500."
The defenses set up are:
"First: At the time of institution of this action, complainant had no right of action against the mortgagor (or his estate) and hence no right of action against these defendants on their assumption of the aforesaid mortgage.
"Second: The release of defendants by the estate of Frank Elbert effectively discharged all their liability under their assumption of the aforesaid mortgage.
"Third: Inasmuch as, under present economic conditions, there is no market for real estate, complainant, who acquired said property for a nominal bid, is equitably chargeable with the fair value thereof against her claim for deficiency under said mortgage.
"Fourth: The value of the mortgaged property when said mortgage matured and was foreclosed at least equalled the amount due under said mortgage." *Page 394 
 I.
This defense, as appears from defendants' brief, is predicated upon the failure of the complainant to make service upon the mortgagor in the foreclosure proceedings, although named a party defendant therein, it being asserted that such failure operated to extinguish the mortgagor's liability on his bond for any deficiency, and therefore the assuming grantee's liability is at an end, and upon the further ground that the mortgagee may not proceed in a suit for deficiency directly against the assuming grantees.
Under the facts stipulated it is undisputed that Frank Elbert made the bond and mortgage; that he conveyed the mortgaged premises to the defendants who assumed the payment of the mortgage debt; and it is firmly established by a long line of decisions in this court that in such case the grantees thereby became in equity the principal debtors and the mortgagor became surety. The decree therefore will simply establish that that was the result in equity, and that the mortgage-holder (complainant) thereby obtained the right to require payment from the grantees; and will decree the grantee to make such payment to the mortgage-holder. Vice-Chancellor Buchanan in Mann v. Bugbee,113 N.J. Eq. 434, said: "To hold that the equitable right of the mortgage-holder to sue the grantee does not arise without, and until, there be a decree as between the mortgagor and the grantee that the mortgage-holder shall be subrogated to the rights of the mortgagor, would be an unnecessary refinement of technicality. If relief were sought against Haveson in this suit, or if it were necessary for the protection of the present defendants, Haveson could be brought in; but under the circumstances here present there is nothing which makes such a course necessary or advisable."
Where it is necessary (in order to effectuate a decree establishing subrogation), that a particular person shall be bound by the decree, that person must, of course, be a party to the suit; otherwise the decree would be nugatory. Shawell v.Shawell, 90 N.J. Eq. 452. *Page 395 
 II.
The mortgagee is allowed, by a mere rule of procedure, to go directly as creditor against the person ultimately liable, in order to avoid circuity of action. The mortgagee standing in the shoes of the mortgagor has no greater or other equity in himself, and is entitled only to such remedy as the mortgagor himself had against the purchaser when the bill was filed. The mortgagee being a stranger to the contract of purchase with the mortgagor, it is competent for those who were parties to it to rescind and extinguish it at their pleasure, and after rescission and extinguishment, the contract becomes utterly incapable of enforcement. Crowell v. Hospital of St. Barnabas, 27 N.J. Eq. 650; Reeves v. Cordes, 108 N.J. Eq. 469; Feitlinger v.Heller, 112 N.J. Eq. 209. In the instant case at the time the suit was brought by the mortgagee, the obligation of the grantees to pay the mortgage debt was in existence undischarged, and while the contract with the grantor for his indemnity may be released or discharged by him at any time before the mortgagee proceeds to enforce his rights against the grantee, if, at the time suit is brought by him, the obligation of the grantee to pay the mortgage debt is in existence undischarged, his remedy against the grantee is complete. Green v. Stone, 54 N.J. Eq. 387;Field v. Thistle, 58 N.J. Eq. 339; affirmed, 60 N.J. Eq. 444.
There will be a decree for complainant for $28,233.23.
 III.
Defendants are entitled to credit for the fair value of the mortgaged premises, and since it is stipulated that the parties cannot agree upon the amount, there will be a reference to a master to ascertain the same. Federal Title and MortgageGuaranty Co. v. Lowenstein, 113 N.J. Eq. 200. *Page 396