This suit is brought to collect the deficiency on a mortgage bond dated March 24th, 1931, made by Gerber Bros. Realty *Page 512 
Company, Incorporated, Charles Gerber and Joseph Gerber, jointly and severally, to Fidelity Union Title and Mortgage Guaranty Company. By deed dated April 1st, 1931, Gerber Bros. Realty Company, owner of the land described in the mortgage which secured the bond, conveyed the same to Coolidge Court Realty Company, which assumed and agreed to pay the mortgage. The three obligors on the bond and the assuming grantee are the defendants named in the bill.
On March 5th, 1936, the mortgagee assigned the bond and mortgage to complainant Fidelity Union Trust Company, as trustee appointed by order of the chancellor made in a proceeding under the Mortgage Guaranty Corporation Rehabilitation law. Rev. Stat.17:46-1 et seq. Within a few months, a suit to foreclose the mortgage was instituted. The complainants in that suit were the Trust Company, as trustee as aforesaid and as trustee under a dozen wills, and also a score of other trustees and individuals. The defendants in the foreclosure were likewise numerous. The suit was prosecuted to final decree and on the sale under thefieri facias, the Trust Company, as trustee under the first trust mentioned, bought in the property for $179,000, leaving a deficiency which, with interest, amounted at the time of the hearing before me to $84,027. Several defenses are raised which I will now take up.
I. Charles Gerber denies that he was served with process in the foreclosure suit. The sheriff's return states that service of the subpoena on him was effected "by leaving a true copy thereof with his wife at 738 High Street, Newark, his usual place of abode." The decree pro confesso recites that process of subpoena had been duly issued and returned served upon him. In the deficiency suit, Gerber offered to prove that the sheriff's return was false by showing that his wife was in California the day mentioned in the return. This evidence I refused to receive. The return of the sheriff is conclusive and the decree of chancery cannot be impeached collaterally for want of jurisdiction over the parties to it. C. D. Building Corp. v. Griffithes, 109 N.J. Eq. 319,
and cases therein cited. This defense is not sustained. *Page 513 
II. The defendants, citing American-Italian Building and LoanAssociation v. Liotta, 117 N.J. Law 467, and Polish HomeBuilding and Loan Association v. Burinefsky, 119 N.J. Law 1, plead that two tenants named Zabarsky, occupying part of the mortgaged premises, were not joined in the foreclosure suit. Although the foreclosure record shows that they were not parties, it also discloses that after complainant had bought in the property, it applied for and obtained an order for possession and then a writ of assistance directed against the Zabarskys. The order for possession recites that the final decree had absolutely debarred and foreclosed them. It matters not how they were bound — perhaps because they held under a lease which could have been, but was not, recorded. Rev. Stat. 2:29-27.
"Delivery of possession is normally essential to the transfer of a good title and a vendee may reject title not accompanied by immediate possession unless the agreement be otherwise. An existing tenancy, not cut off by foreclosure, may deter bidders. For these reasons, the court of errors and appeals has held that lessees must be joined as defendants in the foreclosure suit and that this is a condition precedent to the right to proceed on the bond." Stratford Building and Loan Association v. Wagner,122 N.J. Eq. 452. But in the present case, the tenancy was cut off by the foreclosure and the purchaser acquired the right to immediate possession. So the rule was satisfied. HarvesterBuilding and Loan Association v. Elbaum, 119 N.J. Law 437.
III. This objection is similar to the last. The foreclosure bill alleged that the Trust Company, under the terms of the order of chancery appointing it, held the bond and mortgage in trust for the use and benefit of the complainants and certain defendants, among whom was Luly M. Kentner, trustee for Charlotte Gerg. Charlotte Gerg was not a party to that suit. Defendants say that because of her omission in the foreclosure suit, the complainant failed to exhaust completely its security, and so cannot maintain suit on the bond. The question is not whether Charlotte Gerg was a necessary party to the foreclosure suit in the limited sense that if defendants *Page 514 
in that suit had objected to her non-joinder, the complainants would have been required to add her as a party. The question is what effect her omission has on the title acquired at the foreclosure sale. If she had had an equitable interest in the land, a right of redemption not foreclosed, then the failure to join her would have created a cloud on the title of the purchaser. Bank of Montclair v. Mallas, 120 N.J. Eq. 611;affirmed, 121 N.J. Eq. 266; Pancoast v. Geishaker, 58 N.J. Eq. 537.
But she had no such right. Her only interest was as a sub-cestui in the mortgage and that interest was represented in the foreclosure by the primary trustee Fidelity Union Trust Company and by the secondary trustee Luly M. Kentner. It can hardly be contended that Miss Gerg's non-joinder invalidated the foreclosure or that she can reforeclose the mortgage or in any other way disturb the title of complainant. The foreclosure completely exhausted the mortgaged premises and so this defense must likewise fall.
IV. On July 30th, 1931, Gerber Bros. Realty Company, one of the three obligors named in the bond, released Coolidge Court Realty Company from liability arising out of the assumption of the mortgage. The undertaking by a grantee to pay the mortgage debt is a contract with the grantor only for his indemnity and it may be released and discharged by him. Such a release as a general rule will operate as a complete extinguishment so that the mortgagee cannot have the benefit of the contract of assumption.Feitlinger v. Heller, 112 N.J. Eq. 209; Fisk v. Wuensch,115 N.J. Eq. 391. By special replication, the complainant says that the liability of Coolidge Court Realty, under its assumption of the mortgage, was the sole asset of Gerber Bros. Realty Company when the release was executed; that the release was voluntary, without consideration. These facts were fully proved. The release given, nothing whatever remained to Gerber Bros. Realty Company. Under such circumstances, the release was a violation of the Uniform Fraudulent Conveyance law (Rev. Stat. 25:2-7 et seq.), and void as in fraud of its then creditor, the mortgagee.Youngs v. Trustees of Public Schools, 31 N.J. Eq. 290; Field
v. Thistle, 58 N.J. Eq. 339; 60 *Page 515 N.J. Eq. 444. Complainant is not barred from its action against Coolidge Court Realty Co.
V. The last defense is based on P.L. 1935 p. 260, which has just been adjudged to offend our constitution. Aetna Buildingand Loan Association v. Bechtold, 120 N.J. Law.
Let there be a decree for complainant.