Essex County Circuit Court.

LIT BROTHERS, A CORPORATION, PLAINTIFF, v. HENRY (HARRY) L. BAUMAN, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EDNA O. BAUMAN, DECEASED, DEFENDANT.

LIT BROTHERS, A CORPORATION, PLAINTIFF. v. HENRY L. BAUMAN, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EDNA O. BAUMAN, DECEASED, DEFENDANT.

Decided April 15, 1941.

For the plaintiff, *Reed & Reynolds* (by *Everett B. Smith*).

For the defendant, *Koehler, Augenblick & Freedman* (by *Bernard Freedman*).

Smith, Joseph L., C. C. J. These two cases had been tried before me, sitting without a jury, at the Essex Circuit and were submitted to the court on a stipulation of facts under date of January 7th, 1941.

The two suits are brought to recover for a deficiency arising after foreclosure, upon a bond given by Edna O. Bauman and Henry L. Bauman (both now deceased). From the above mentioned stipulation on file, it appears that Edna O. Bau-

man and Henry L. Bauman executed the bond in question to the Guardian Title and Mortgage Guaranty Company of New Jersey, in the sum of $18,500, dated February 9th, 1928, and duly recorded; by various mesne assignments, the bond and mortgage were assigned to the plaintiff. Edna O. Bauman died intestate on September 12th, 1936, and Henry L. Bauman was appointed administrator of her estate; he, too, having died subsequent to the institution of the above causes of action, Everett O. Bauman has now been appointed substitute administrator of the estate of Edna O. Bauman and administrator of the estate of Henry L. Bauman.

Foreclosure suit was filed by plaintiff on December 21st, 1937, and *lis pendens* was duly filed thereafter; on July 22d, 1938, final decree for the sale of the lands and premises was entered by which the sum of $20,236.49 was found to be due upon the mortgage, together with legal interest from July 11th, 1938, and costs. Sheriff's sale was held on December 27th, 1938, which sale was confirmed January 9th, 1939. As of December 27th, 1938, the balance remaining due and unpaid, after giving credit for $100 paid at the sheriff's sale, was the sum of $20,982. The present suits were brought in due time.

On July 5th, 1938, the complainant in the foreclosure suit, who is the plaintiff in the present suits, acting through its duly authorized agents, leased the premises in question to one Sig Greenbaum, a copy of which lease is attached to the stipulation and is on file. The said lease was for a period of fourteen months, commencing the first day of August, 1938, and ending the 30th day of September, 1939; it contained a clause giving the landlord the right to cancel the lease at the end of any month of the term thereof, by giving the tenant a sixty-day notice in writing.

On December 27th, 1938, the date of the sheriff's sale above referred to, the lessee, Mr. Sig Greenbaum, as tenant of the plaintiff in these suits, was in possession of said premises, under the said lease. He had not been made a party to the foreclosure suit and it does not appear that any notice had been given to the said Greenbaum prior to the said sale, to vacate the premises, so that as it appears from the stipulation

of facts on file, Greenbaum held the property under the lease and had the right to hold it for a further term under the lease, until proper notice was given to him pursuant to the provisions above referred to.

The contention of the defendant in substance is that the plaintiff's failure to join the tenant Greenbaum in the foreclosure suit amounted to failure to exhaust plaintiff's security, and that, by reason of the existence of the said tenancy and possession of the premises by the tenant at the time of the sale, the vendible value of the premises was lessened.

The plaintiff concedes the general rule applicable, as laid down in the case of *American Italian Building and Loan* v. *Liotta,* 117 *N. J. L.* 467; 189 *Atl. Rep.* 118, to the effect that all parties interested must be joined as defendants in the foreclosure proceedings as a condition precedent to the right to hold the obligor liable on the bond. The plaintiff maintains, however, that Greenbaum's interest in the premises came into existence after the foreclosure suit was filed, and that, for this reason, the present situation is not controlled by the Liotta case, *supra,* and the line of cases following it; that under the ruling of our Court of Errors and Appeals in *Equitable Life Assurance, &c.,* v. *Patzowsky,* 122 *N. J. L.* 482; 6 *Atl. Rep.* (2d) 390, the failure to make Greenbaum a party defendant was not fatal; and further, that under the rule of *Harvester Building and Loan Association* v. *Elbaum,* 119 *N. J. L.* 437, and 121 *Id.* 515; 3 *Atl. Rep.* (2d) 450; *Fidelity Union Trust Co.* v. *Gerber Bros. Realty Co.,* 123 *N. J. Eq.* 511; 199 *Atl. Rep.* 7, the question of lessening the vendible value of the premises is one of fact; and the plaintiff should be permitted to introduce testimony to show that the vendible value of the premises was not affected, as of the date of the sheriff's sale, by reason of the Greenbaum lease.

It is not, therefore, necessary, to reiterate the general principles laid down in the Liotta case, *supra,* but merely to determine whether or not the present case comes under the distinctions made in the cases above cited and relied upon by the plaintiff.

In the case of *Equitable Life Assurance Co.* v. *Patzowsky, supra,* the mortgagors' liability for deficiency on the bond was

sustained upon the ground that the tenancy, which was in existence at the time of the sheriff's sale, had been created by the receiver appointed by the Chancery Court, after foreclosure suit was filed; the said receiver, as pointed out by the court, standing in the shoes of the mortgagor. Also, the mortgagor had acquiesced in the appointment of the receiver and the powers conferred upon him. The tenancy being a creation of the mortgagor-obligor, or of one standing in his shoes, after foreclosure suit was filed, the mortgagor was not permitted to assert the defense that the rental values were lessened by such tenancy. In the present case, however, the lease, extending beyond the date of the sheriff's sale, was made by the mortgagee, through its agent. Under the principle of the Patzowsky case, *supra,* then, the instant case does not present a situation which justifies barring the defendant from asserting the defense of lessening the vendible value of the mortgaged property by reason of selling the property subject to an existing tenancy.

The next problem presented is, whether or not under the facts here present, the question of lessening the vendible value of the premises by selling the same subject to an existing tenancy, is one of fact to be determined by further testimony on the point, or, is it a necessary conclusion to be drawn from the facts? In the Harvester case, *supra,* the court restated the well-recognized rule that nothing short of a complete exhaustion of the property and all interests therein, must be had to satisfy the requirements of the statute. The court merely permitted the plaintiff to show, if he could, that the tenancy which constituted the encumbrance remaining upon the premises at the time of the sale, was of such a nature that it did not lessen the vendible value by depriving a purchaser of his right of immediate possession under his deed. The court, recognizing that the purchaser's right to immediate possession under his deed, was necessary to make the sale of the security a complete one, merely permitted the plaintiff to show that such right had not been prevented by the tenancy in question; that the sheriff's sale being scheduled for March 31st, 1936, the tenant had been served with notice to vacate on April 1st, 1936, approximately ten days before the sale

was confirmed; and that at the time of the sale, it had been announced that immediate possession would be given with the deed; that the sale was free of tenancies.

Under these facts the court held that an issue of fact had been raised as to whether the tenancy in question had affected the vendible value.

The Harvester case, *supra*, then, is clearly distinguishable from the instant case, in that in our case, the tenant, obtained by the mortgagee, held under a lease which would not expire for many months after the sale; true, that it contained provisions for cancellation upon two months' notice, but such notice had not been given, so that as of the time of the sale, a purchaser would be deprived of possession for at least two months.

As to the opinion of Vice-Chancellor Bigelow, in *Fidelity Union Trust Co.* v. *Gerber Bros., &c., supra,* there again the learned Vice-Chancellor reiterated the rule that delivery of possession is normally essential to the transfer of a good title; Vice-Chancellor Bigelow found, however, that in the case before him, the tenancy was cut off by the foreclosure and that the purchaser at the sheriff's sale had acquired the right to immediate possession. Whereas, in the instant case, it is not contended by the plaintiff that the tenancy in question was either ineffective, or that it was cut off, or terminated; or that the purchaser obtained the right to immediate possession. Under the principle of the cases discussed, it follows then, that the defense here interposed must prevail; that it is fatal to the plaintiff's suit.

I find the facts to be as stated in the stipulation, * * *. Therefore, after considering the stipulation and the arguments submitted by counsel for the plaintiff and the defendant, the court finds for the defendant, no cause for action. Judgment may accordingly be entered for the defendant.